ELIZABETH S. CARMONA, ESQ.
Nevada State Bar No. 14687
KRISTOPHER S. PRE, ESQ.
Nevada State Bar No. 14106
**NEVADA LEGAL SERVICES, INC.**
530 South 6th Street
Las Vegas, Nevada 89101
Telephone: (702) 386-0404, ext. 128
ecarmona@nlslaw.net
*Attorneys for Peggy Thornton*

```
____FILED          ____RECEIVED
____ENTERED        ____SERVED ON
        COUNSEL/PARTIES OF RECORD

        JUN 14 2021

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY:_____DEPUTY
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PEGGY THORNTON, Relator, and PEGGY THORNTON, Plaintiff, v. PORTOLA DEL SOL OPERATOR, LLC, a foreign limited-liability company; TMIF II PORTOLA, LLC, a foreign limited-liability company; APARTMENT MANAGEMENT CONSULTANTS, LLC, a foreign limited liability company, and RENE RICHARDSON, as AGENT of PORTOLA DEL SOL OPERATOR, LLC. Defendants. | FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2) No.: 2:21-cv-01123-APG-BNW **COMPLAINT** |

## INTRODUCTION

This action is brought under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 and 3730(b)(1). Plaintiff, PEGGY THORNTON ("Plaintiff") rented a unit at 1915 Simmons Street, Apt. 2009, Las Vegas, Nevada 89106, from Defendants PORTOLA DEL SOL OPERATOR LLC AND TMIF II PORTOLA LLC ("Portola"). The Plaintiff is a participant in the Section 8 Tenant-

1

Based Housing Choice Voucher Program ("Section 8"), administered by the Southern Nevada Regional Housing Authority ("SNRHA"). Portola and the SNRHA entered into a Housing Assistance Payment Contract ("HAP Contract"), which prohibited Portola from charging the Plaintiff side payments in the form of additional rent or other fees.

Portola violated the FCA by demanding illegal side payments in the form of common area maintenance fees ("CAM fees") from the Plaintiff while under the HAP Contract with the SNRHA. The United States seeks all remedies available under the FCA. The Plaintiff seeks a statutory share of any awarded damages paid to the United States under the FCA, declaratory relief, court costs and reasonable attorney's fees.

## PARTIES

1. The Plaintiff was a tenant at 1915 Simmons Street, Apt. 2009, Las Vegas, Nevada 89106, ("the premises"), from June 2015 until July 2020.

2. The Plaintiff files this action on behalf of the United States of America to enforce her rights.

3. Defendant PORTOLA DEL SOL OPERATOR, LLC owned the premises during the Plaintiff's tenancy, from June 2015 until December 2019.

4. Defendant TMIF II PORTOLA, LLC, owned the premises during the Plaintiff' tenancy, from December 2019 until July 2020.

5. Defendant Rene Richardson was the property manager of the premises and Agent of Portola.

6. Defendant AMC Property Management was the property management company of the premises.

## JURISDICTION

7. This Court has jurisdiction over the claim pursuant to 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. § 3732(a). Fed. R. Civ. Pro. 57 and 28 U.S.C. § 2201(a) authorize declaratory relief.

## VENUE

8. Portola committed the unlawful acts in Clark County in the State of Nevada. Venue is proper under 28 U.S.C. § 1391 and 31 U.S.C. § 3732.

## STATEMENT OF FACTS

*Regulatory Background*

9. The federal government instituted Section 8 to assist low income families with obtaining decent, safe, sanitary, and affordable rental housing; it is authorized by Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. §1437f, and governed by regulations contained in 24 C.F.R. Part 982.

10. Under Section 8, the United States Department of Housing and Urban Development ("HUD") enters into annual contribution contracts with public housing agencies, including the SNRHA.

11. Pursuant to the annual contribution contract, the SNRHA enters into a contract with the landlord of an existing dwelling to make monthly housing assistance payments on behalf of eligible tenants, subject to HUD approval. This contract is known as the HAP Contract.

12. In addition to the HAP Contract, the landlord also enters into a lease agreement with the eligible family that must comply with federal regulations.

*Illegal Side Payments*

13. On or about June 2, 2015, Portola executed a lease with the Plaintiff to rent the premises ("2015 Lease").

14. On or around May 14, 2015, Portola signed a HAP Contract with SNRHA to rent the premises to the Plaintiff.

15. The HAP Contract stated that payments from the SNRHA should be made to Portola.

16. The HAP Contract did not mention that the Plaintiff was responsible for paying CAM fees.

17. The 2015 Lease did not mention that the Plaintiff was responsible for paying CAM fees.

18. Despite the absence of CAM fee provisions in both the 2015 Lease and the HAP Contract, Portola began demanding that the Plaintiff pay monthly CAM fees.

19. The Plaintiff complied with Portola's demand that she pay CAM fees during the duration of the 2015 Lease.

20. On or about June 2016, Portola executed a lease with the Plaintiff to continue renting the premises to her ("2016 Lease").

21. The 2016 Lease included a CAM Addendum, but it failed to specify the exact amount of CAM fees that the Plaintiff was responsible for paying.

22. Portola did not provide the SNRHA with the 2016 Lease.

23. The Plaintiff complied with Portola's demand that she pay CAM fees during the duration of the 2016 Lease.

24. On or about June 2017, Portola executed a lease with the Plaintiff to continue renting the premises to her ("2017 Lease").

25. The 2017 Lease included a CAM Addendum, but it failed to specify the exact amount of CAM fees that the Plaintiff was responsible for paying.

26. Portola did not provide the SNRHA with the 2017 Lease.

27. The Plaintiff complied with Portola's demand that she pay CAM fees during the duration of the 2017 Lease.

28. On or about June 2018, Portola executed a lease with the Plaintiff to continue renting the premises to her ("2018 Lease").

29. The 2018 Lease included a CAM Addendum, but it failed to specify the exact amount of CAM fees that the Plaintiff was responsible for paying.

30. Portola did not provide the SNRHA with the 2018 Lease.

31. The Plaintiff complied with Portola's demand that she pay CAM fees during the duration of the 2018 Lease.

32. On or about June 2019, Portola executed a lease with the Plaintiff to continue renting the premises to her ("2019 Lease").

33. The 2019 Lease included a CAM Addendum, but it failed to specify the exact amount of CAM fees that the Plaintiff was responsible for paying.

34. Portola did not provide the SNRHA with the 2019 Lease.

35. The Plaintiff complied with Portola's demand that she pay CAM fees during the duration of the 2019 Lease.

36. During the Plaintiff's five-year tenancy, she paid a total of 57 CAM fees, which totaled $1,322.29.

**CAUSE OF ACTION:**
**VIOLATION OF FALSE CLAIMS ACT**

37. The False Claims Act, 31 U.S.C. § 3729 *et seq.*, imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" from the United States Government. 31 U.S.C. § 3729(a)(1).

38. Any person who violates the False Claims Act is liable to the United States for not less than $5,500 and not more than $11,000, plus three times the damages suffered by the United States as a result of such person's actions, as well as for the costs of a civil action brought to recover penalty or damages under the False Claims Act. 31 U.S.C. § 3729(a)(1) and (3); 28 C.F.R. 85.3(a)(9) (2016) (adjusting damages amount).

39. The False Claims Act defines "knowingly" to include the actions of a person who acts in "deliberate ignorance" or "reckless disregard" of the truth or falsity of the information, or has actual knowledge of the information; no proof of specific intent to defraud is necessary. 31 U.S.C. § 3729(b)(1). "Claim" is defined to include "any request or demand" for money made to a recipient if the United States pays "provides any portion of the money… which is requested." 31 U.S.C. § 3729(b)(2).

40. On May 14, 2015, Portola signed a HAP Contract with the SNRHA.

41. Part C, paragraph 5, of the HAP Contract and federal law prohibited Portola from charging additional rent or fees, otherwise known as side payments, and required Portola to immediately return any excess rent or fees paid to them by the Plaintiff. 24 C.F.R. 983.353(b)(3); 24 C.F.R. 982.451(b)(3) and (4).

42. Part C, paragraph 5, of the HAP Contract and federal law defines rent as "payment for all housing services, maintenance, equipment, and utilities to be provided by the owner without additional charge to the tenant, in accordance with the HAP contract and lease." 24 C.F.R. 983.353(b)(2).

43. Under Part B, paragraph 8, of the HAP and federal law, Portola certified not to receive any side payments. 24 C.F.R. 983.209(g) and (h).

44. Under Section 9-I.E., Page 9-8, of the Administrative Plan for SNRHA's Housing Choice Voucher Program, accepting side payments for additional rent or fees would result in termination of the HAP and would bar the owner from further participation in the Section 8 Program.

45. Portola agreed to the terms of the HAP Contract and knowingly or with reckless disregard accepted side payments from the Plaintiff, thereby breaching the HAP Contract.

46. Despite the HAP Contract not mentioning that the Plaintiff was responsible for paying CAM fees and Portola not informing the SNRHA that they were collecting CAM fees from the Plaintiff, Portola collected monthly CAM fees from the Plaintiff from June 2015 to July 2020 for a total of $1,322.29.

47. Portola knowingly collected illegal side payments in breach of the HAP Contract while simultaneously receiving monthly rental payments from the SNRHA under the HAP Contract.

48. Portola violated the FCA each time Portola received payments from SNRHA while knowingly breaching the HAP Contract.

49. Portola received at least 57 rental subsidy payments from the SNRHA on behalf of the Plaintiff from July 2015 to July 2020, each constituting a separate false claim or misrepresentation against the United States.

50. Under federal law and the Administrative Plan for the SNRHA Housing Choice Voucher Program, the SNRHA would have terminated the HAP and ceased payments to Portola upon learning about the side payments.

51. The United States Government suffered damages as a result of violations of the FCA because the housing assistance money from HUD paid by SNRHA to Portola would not have occurred but for Portola's false claims and misrepresentations.

52. The United States Government sustained damages equal to all payments made to the Portola pursuant to the Plaintiff's Section 8 assistance.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff and the United States of America respectfully request the following relief:

A. Find that Portola violated the False Claims Act and are liable to the United States.

B. Assess a civil penalty against Portola for each of at least 57 separate violations of the False Claims Act in the amount of not less than $5,500 and not more than $11,000.

C. Award the United States three times the amount of damages that it sustained as a result of Portola's acts.

D. Award the Plaintiff the *qui tam* share of the proceeds or settlement pursuant to 31 U.S.C. § 3730(d).

E. Award the Plaintiff any court costs and reasonable attorney's fees.

F. Grant whatever other relief is just and proper.

DATED this 14th day of June, 2021.

Respectfully Submitted,

/s/ signature

ELIZABETH S. CARMONA, ESQ.
Nevada State Bar No. 14687
KRISTOPER S. PRE, ESQ.
Nevada State Bar No. 14106

Nevada Legal Services, Inc.
530 South 6th Street
Las Vegas, Nevada 89101
Telephone: (702) 386-0404 ext. 111
Facsimile: (702) 388-1641
*Attorneys for Peggy Thornton*