# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| United States of America Ex rel. Peggy Thornton, et al.,<br><br>  Plaintiff,<br><br>v.<br><br>Portola Del Sol Operator, LLC, et al.,<br><br>  Defendants. | Case No. 2:21-cv-1123-APG-BNW<br><br>**Order re [69]** |

Before the Court is Plaintiff's motion for service by publication. ECF No. 69. The Court finds Plaintiff meets the requirements for service by publication. Therefore, the motion will be granted.

**I.     Background.**

This action is brought under the False Claims Act the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 and 3730(b)(l). Plaintiff has been unable to serve Rene Richardson, one of the Defendants in this action.

Plaintiff asserts she has made several attempts to locate Rene Richardson. For example, she hired Junes Process Service who unsuccessfully attempted to locate Defendant Rene Richardson. In addition, Plaintiff asserts that Junes Process Service ran a skip trace, searching for information pertaining to Defendant Rene Richardson and was unable to identify information pertaining to her. In addition, Plaintiff represents Junes Process Service attempted service at three Nevada properties managed by Defendant Apartment Management Consultants, LLC (whom Plaintiff believes to be her employer) but could not locate Defendant Rene Richardson. Moreover, Plaintiff asserts that she hired a Utah process server to attempt service at the Defendant Apartment Management Consultants, LLC, headquarters in Utah, which was also unsuccessful.

Lastly, Plaintiff represents that Rene Richardson's address is unknown, and after due diligence, cannot be found.

## II.  Service by publication

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. FED. R. CIV. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. FED. R. CIV. P. 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c).[1] The litigant must (1) establish that "the service methods provided in [NRCP] 4.2,

---

[1]  NRCP 4.4 provides:

(c) **Service by Publication.**  If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
  (1) **Conditions for Publication.**  Service by publication may only be ordered when the defendant:
    (A)  cannot, after due diligence, be found;
    (B)  by concealment seeks to avoid service of the summons and complaint; or
    (C)  is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
  (2) **Motion Seeking Publication.**  A motion seeking an order for service by publication must:
    (A)  through pleadings or other evidence establish that:
      (i)  a cause of action exists against the defendant who is to be served; and
      (ii)  the defendant is a necessary or proper party to the action;
    (B)  provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
    (C)  provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
    (D)  suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
    (E)  if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
      (i)  the defendant's last-known address;
      (ii)  the dates during which the defendant resided at that location; and
      (iii)  confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

4.3, and 4.4(a) and (b) are impracticable";[2] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NRCP 4.4(c).

Here, the Court will grant Plaintiff's motion because it satisfies the eight requirements imposed by NRCP 4.4(c). Regarding the first requirement, Plaintiff has established that the service methods in NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable. Beginning with NRCP 4.2, it is evident that personal or substitute service upon Rene Richardson is impracticable at this juncture because Plaintiff diligently attempted to locate her and her current dwelling but to no avail. Service under NRCP 4.3 is likewise impracticable because that provision governs service of persons located outside Nevada or the United States. Here, Plaintiff's current dwelling place is unknown. Therefore, service under NRCP 4.3 impracticable. Further, service under NRCP 4.4(a) is inapplicable and therefore impracticable because there exists no statute that requires service upon Rene Richarson in a particular manner. Finally, service under NRCP 4.4(b) is also impracticable. This Court has previously determined that NRCP 4.4(b) allows for service by email. *See Equity Title v. Gazlay*, No. 2:19-cv-00845-GMN-BNW, 2020 WL 1044009, at *2 (D.

---

[2] NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); FED. R. CIV. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

Nev. Mar. 3, 2020). However, it does not appear this information is available to Plaintiff. Thus, Plaintiff has the first requirement because she has shown that the service methods under NRCP 4.2, 4.3, 4.4(a), and 4.4(b) are impracticable.

Additionally, the Court finds that Plaintiff has satisfied the second, fifth, and eighth requirements. Plaintiff's motion and its supporting affidavits demonstrate that she hired a process server to try to identify Rene Richardson's residence. The process server ran a skip trace and attempted service at three Nevada properties managed by Defendant Apartment Management Consultants, LLC (whom Plaintiff believes to be her employer). In addition, Plaintiff hired a Utah process server to attempt service at the Defendant Apartment Management Consultants, LLC, headquarters in Utah. Plaintiff, therefore, establishes NRCP 4.4(c)'s second, fifth, and eighth requirements because it: shows that she exercised due diligence but could not locate Rene Richardson; sets forth specific facts demonstrating her efforts to locate Richardson; and establishes that Plaintiff is unaware of any other address where Richardson resides at this time.

Regarding the third requirement, a cause of action is "[a] group of operative facts giving rise to one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019). Plaintiff's pleading sufficiently establishes that a cause of action exists against Richardson.

Further, the Court finds that, based on Plaintiff's complaint, Richardson is a necessary and proper party to this matter. Thus, Plaintiff meets the fourth requirement, too.

Plaintiff likewise meets the sixth requirement. NRCP 4.4 provides that a litigant who desires to serve her adversary by publication must "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought[.]" NRCP 4.4(c)(2)(C). Thus, NRCP 4.4 speaks to the content of the summons. However, the required content of summonses issued by the federal court is governed by Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(a). Rule 4 is consonant with the Rules Enabling Act and the U.S. Constitution because it does not "abridge, enlarge, or modify any substantive right." *See* 28 U.S.C. § 2072; *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Therefore, Rule 4 "applies regardless of contrary state law." *Gasperini v. Ctr. for Humanities*,

518 U.S. 415, 427 n.7 (1996).  Accordingly, Rule 4 will govern the content of the summonses issued in this case and the Court will not ask Plaintiff to modify the summons already issued for Richardson.

Finally, Plaintiff meets NRCP 4.4(c)'s seventh requirement because she suggested that the complaint and summons be published in n the Las Vegas Review-Journal, which is a newspaper of general circulation printed in Las Vegas, Clark County, Nevada.

In sum, this Court will grant Plaintiff's motion to serve Rene Richardson by publication in accordance with NRCP 4.4(c) and Federal Rule 4(e)(1).  Additionally, however, Nevada law enables the Court to order Equity Title "to make reasonable efforts to provide additional notice . . . to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication."  NRCP 4.4(d)(1).  Thus, this Court will also order that Plaintiff see if it can locate an email address for Rene Richardson and send the summons and complaint to any such email addresses.

**III. Conclusion.**

IT IS THEREFORE ORDERED that Plaintiff's motion (ECF No. 69) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must publish the summons and complaint in the Las Vegas Review Journal at least once a week for a period of four weeks.  Service will be deemed complete four weeks from the date of the first publication.

IT IS FURTHER ORDERED that Plaintiff must attempt to find an email address for Rene Richardson and send her a copy of the summons and complaint to any such email addresses.

DATED: September 29, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE