PETER C. WETHERALL, ESQ.
Nevada State Bar No. 4414
ELIZABETH S. CARMONA, ESQ.
Nevada State Bar No. 14687
KRISTOPHER S. PRE, ESQ.
Nevada State Bar No. 14106
**NEVADA LEGAL SERVICES, INC.**
701 E. Bridger Avenue, Suite 400
Las Vegas, Nevada 89101
Telephone: (702) 386-0404, ext. 128
pwetherall@nevadalegalservices.org
ecarmona@nevadalegalservices.org
kpre@nevadalegalservices.org
*Attorneys for Peggy Thornton*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PEGGY THORNTON, Relator, <br><br>and<br><br> PEGGY THORNTON,<br><br>Plaintiff,<br><br>v.<br><br>PORTOLA DEL SOL OPERATOR, LLC, a foreign limited-liability company; TMIF II PORTOLA, LLC, a foreign limited-liability company; APARTMENT MANAGEMENT CONSULTANTS, LLC, a foreign limited liability company, and RENE RICHARDSON, as AGENT of PORTOLA DEL SOL OPERATOR, LLC.<br><br>Defendants. | FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)<br><br><br>No.: 2:21-CV-01123<br><br><br><u>**PLAINTIFF'S FIRST AMENDED COMPLAINT**</u> |

**INTRODUCTION**

This action is brought under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 and 3730(b)(1). Beginning in June 2015, Plaintiff, PEGGY THORNTON ("Plaintiff") rented a unit

1

at 1915 Simmons Street, Apt. 2009, Las Vegas, Nevada 89106 ("the property"), from Defendant PORTOLA DEL SOL OPERATOR LLC ("Del Sol") until Defendant TMIF II PORTOLA LLC ("TMIF") purchased the property in December 2019. Plaintiff resided at the property until July 2020.

Plaintiff was a participant in the Section 8 Tenant-Based Housing Choice Voucher Program ("Section 8"), administered by the Southern Nevada Regional Housing Authority ("SNRHA"). On May 14, 2015, Del Sol and the SNRHA entered into a Housing Assistance Payment Contract ("HAP Contract"), which prohibited Del Sol from charging Plaintiff side payments in the form of additional rent or other fees. After TMIF purchased the property in December 2019, it accepted HAP Contract and Lease assignment, which then led the SNRHA to issue payments to TMIF that subsidized the remaining months of Plaintiff's tenancy at the property.

During the entirety of Plaintiff's tenancy at the property, Apartment Management Consultants, LLC ("AMC"), and Rene Richardson ("Richardson"), Agent for AMC, facilitated the demand and acceptance of side payments, which were ultimately paid to both Del Sol and TMIF. As such, Defendants violated the FCA by demanding illegal side payments in the form of common area maintenance fees ("CAM fees") from the Plaintiff while under the HAP Contract with the SNRHA. The United States seeks all remedies available under the FCA. The Plaintiff seeks a statutory share of any awarded damages paid to the United States under the FCA, declaratory relief, court costs and reasonable attorney's fees.

**PARTIES**

1. Plaintiff was a tenant at the property located at 1915 Simmons Street, Apt. 2009, Las Vegas, Nevada 89106, from June 2015 until July 2020.

2. Plaintiff files this action on behalf of the United States of America to enforce her rights.

3. Del Sol owned the property from June 2015 until December 2019.

4. TMIF owned the property from December 2019 until July 2020.

5. AMC was the property's management company during Plaintiff's tenancy.

6. Richardson acted as the property manager of the property and served as an Agent for AMC.

## JURISDICTION

7. This Court has jurisdiction over the claim pursuant to 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. § 3732(a). Fed. R. Civ. Pro. 57 and 28 U.S.C. § 2201(a) authorize declaratory relief.

## VENUE

8. Defendants committed the unlawful acts in Clark County in the State of Nevada. Venue is proper under 28 U.S.C. § 1391 and 31 U.S.C. § 3732.

## STATEMENT OF FACTS

*Regulatory Background*

9. The federal government instituted Section 8 to assist low income families with obtaining decent, safe, sanitary, and affordable rental housing; it is authorized by Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. §1437f, and governed by regulations contained in 24 C.F.R. Part 982.

10. Under Section 8, the United States Department of Housing and Urban Development ("HUD") enters into annual contribution contracts with public housing agencies, including the SNRHA.

11. Pursuant to the annual contribution contract, the SNRHA enters into a contract with the landlord of an existing dwelling to make monthly housing assistance payments on behalf of eligible tenants, subject to HUD approval. This contract is known as the HAP Contract.

12. In addition to the HAP Contract, the landlord also enters into a lease agreement with the eligible family that must comply with federal regulations.

*Illegal Side Payments*

13. On or around May 14, 2015, Del Sol signed a HAP Contract with SNRHA to rent the property to Plaintiff.

14. On or about June 2, 2015, Del Sol executed a lease with Plaintiff to rent the property ("2015 Lease").

15. The HAP Contract stated that payments from the SNRHA should be made to Del Sol.

16. The HAP Contract did not mention that the Plaintiff was responsible for paying CAM fees.

17. The 2015 Lease did not mention that the Plaintiff was responsible for paying CAM fees.

18. Despite the absence of a CAM fee provisions in both the 2015 Lease and the HAP Contract, Del Sol, through AMC and Richardson, began demanding that Plaintiff pay monthly CAM fees.

19. Plaintiff complied with the demand that she pay CAM fees during the duration of the 2015 Lease.

20. On or about June 2016, Del Sol executed a lease with Plaintiff to continue renting the property to her ("2016 Lease").

21. The 2016 Lease included a CAM Addendum, but it failed to specify the exact amount of CAM fees that Plaintiff was responsible for paying.

22. The HAP Contract required that Del Sol provide the SNRHA with a copy of the 2016 Lease.

23. Del Sol did not provide the SNRHA with the 2016 Lease.

24. Del Sol, through AMC and Richardson, continued demanding that Plaintiff pay monthly CAM fees.

25. Plaintiff complied with the demand that she pay CAM fees during the duration of the 2016 Lease.

26. On or about June 2017, Del Sol executed a lease with Plaintiff to continue renting the property to her ("2017 Lease").

27. The 2017 Lease included a CAM Addendum, but it failed to specify the exact amount of CAM fees that Plaintiff was responsible for paying.

28. The HAP Contract required that Del Sol provide the SNRHA with a copy of the 2017 Lease.

29. Del Sol did not provide the SNRHA with the 2017 Lease.

30. Del Sol, through AMC and Richardson, continued demanding that Plaintiff pay monthly CAM fees.

31. Plaintiff complied with the demand that she pay CAM fees during the duration of the 2017 Lease.

32. On or about June 2018, Del Sol executed a lease with the Plaintiff to continue renting the property to her ("2018 Lease").

33. The 2018 Lease included a CAM Addendum, but it failed to specify the exact amount of CAM fees that Plaintiff was responsible for paying.
34. The HAP Contract required that Del Sol provide the SNRHA with a copy of the 2018 Lease.
35. Del Sol did not provide the SNRHA with the 2018 Lease.
36. Del Sol, through AMC and Richardson, continued demanding that Plaintiff pay monthly CAM fees.
37. The Plaintiff complied with the demand that she pay CAM fees during the duration of the 2018 Lease.
38. On or about June 2019, Del Sol executed a lease with the Plaintiff to continue renting the premises to her ("2019 Lease").
39. The 2019 Lease included a CAM Addendum, but it failed to specify the exact amount of CAM fees that Plaintiff was responsible for paying.
40. The HAP Contract required that Del Sol provide the SNRHA with a copy of the 2019 Lease.
41. Del Sol did not provide the SNRHA with the 2019 Lease.
42. Del Sol, through AMC and Richardson, continued demanding that Plaintiff pay monthly CAM fees.
43. Plaintiff complied with Del Sol's demand that she pay CAM fees during the duration of the 2019 Lease.
44. In December 2019, TMIF acquired the property.

45. TMIF subsequently accepted HAP Contract assignment and accordingly accepted "all conditions, obligations and benefits of the HAP Contract Assignment" and agreed "to be bound and comply with the terms and conditions of the HAP Contract currently in effect."

46. Along with TMIF's acceptance of the HAP Contract, TMIF agreed to be bound by the 2019 Lease.

47. As the new owner, the HAP Contract required that TMIF provide the SNRHA with a copy of the 2019 Lease.

48. TMIF did not provide the SNRHA with a copy of the 2019 Lease.

49. Due to TMIF's acceptance of the HAP Contract, the SNRHA issued payments to TMIF that subsidized the remaining months of Plaintiff's tenancy at the property.

50. During this time, TMIF, through AMC and Richardson, continued demanding that the Plaintiff pay monthly CAM fees.

51. Plaintiff complied with the demand that she pay CAM fees during the final months of her 2019 Lease.

52. During Plaintiff's five-year tenancy, she paid approximately 57 CAM fees to the Defendants, amounting to $1,322.29.

## CAUSE OF ACTION:
## VIOLATION OF FALSE CLAIMS ACT

53. The False Claims Act, 31 U.S.C. § 3729 *et seq.*, imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" from the United States Government. 31 U.S.C. § 3729(a)(1).

54. Any person who violates the False Claims Act is liable to the United States for not less than $5,500 and not more than $11,000, plus three times the damages suffered by the United States as a result of such person's actions, as well as for the costs of a civil action

1  brought to recover penalty or damages under the False Claims Act. 31 U.S.C. § 3729(a)(1)
2  and (3); 28 C.F.R. 85.3(a)(9) (2016) (adjusting damages amount).

55. The False Claims Act defines "knowingly" to include the actions of a person who acts in "deliberate ignorance" or "reckless disregard" of the truth or falsity of the information, or has actual knowledge of the information; no proof of specific intent to defraud is necessary. 31 U.S.C. § 3729(b)(1). "Claim" is defined to include "any request or demand" for money made to a recipient if the United States pays "provides any portion of the money… which is requested." 31 U.S.C. § 3729(b)(2).

56. On May 14, 2015, Del Sol signed a HAP Contract with the SNRHA.

57. Part C, paragraph 5, of the HAP Contract and federal law prohibited Del Sol from charging additional rent or fees, otherwise known as side payments, and required Del Sol to immediately return any excess rent or fees paid to them by the Plaintiff. 24 C.F.R. 983.353(b)(3); 24 C.F.R. 982.451(b)(3) and (4).

58. Part C, paragraph 5, of the HAP Contract and federal law defines rent as "payment for all housing services, maintenance, equipment, and utilities to be provided by the owner without additional charge to the tenant, in accordance with the HAP contract and lease." 24 C.F.R. 983.353(b)(2).

59. Under Part B, paragraph 8, of the HAP and federal law, Del Sol certified not to receive any side payments. 24 C.F.R. 983.209(g) and (h).

60. Under Section 9-I.E., Page 9-8, of the Administrative Plan for SNRHA's Housing Choice Voucher Program, accepting side payments for additional rent or fees would result in termination of the HAP and would bar the owner from further participation in the Section 8 Program.

61. Del Sol agreed to the terms of the HAP Contract and knowingly or with reckless disregard accepted side payments from the Plaintiff, thereby breaching the HAP Contract.

62. Despite the HAP Contract not mentioning that the Plaintiff was responsible for paying CAM fees and Del Sol not informing the SNRHA that they were collecting CAM fees from the Plaintiff, Del Sol collected monthly CAM fees from Plaintiff from June 2015 to December 2019.

63. Del Sol knowingly collected illegal side payments in breach of the HAP Contract while simultaneously receiving monthly rental payments from the SNRHA under the HAP Contract.

64. Del Sol violated the FCA each time it received payments from SNRHA while knowingly breaching the HAP Contract.

65. AMC and Richardson facilitated the illegal side payments to Del Sol by demanding and accepting payments from Plaintiff.

66. In December 2019, TMIF acquired the property and subsequently agreed to assume the HAP Contract and the Lease from Del Sol.

67. Part C, paragraph 5, of the HAP Contract and federal law prohibited TMIF from charging additional rent or fees, otherwise known as side payments, and required it to immediately return any excess rent or fees paid to them by the Plaintiff. 24 C.F.R. 983.353(b)(3); 24 C.F.R. 982.451(b)(3) and (4).

68. Part C, paragraph 5, of the HAP Contract and federal law defines rent as "payment for all housing services, maintenance, equipment, and utilities to be provided by the owner without additional charge to the tenant, in accordance with the HAP contract and lease." 24 C.F.R. 983.353(b)(2).

69. Under Part B, paragraph 8, of the HAP and federal law, TMIF certified not to receive any side payments. 24 C.F.R. 983.209(g) and (h).

70. Under Section 9-I.E., Page 9-8, of the Administrative Plan for SNRHA's Housing Choice Voucher Program, accepting side payments for additional rent or fees would result in termination of the HAP and would bar the owner from further participation in the Section 8 Program.

71. TMIF agreed to the terms of the HAP Contract and knowingly or with reckless disregard accepted side payments from the Plaintiff, thereby breaching the HAP Contract.

72. Despite the HAP Contract not mentioning that the Plaintiff was responsible for paying CAM fees and TMIF not informing the SNRHA that they were collecting CAM fees from the Plaintiff, TMIF collected monthly CAM fees from Plaintiff from December 2019 to July 2020.

73. TMIF knowingly collected illegal side payments in breach of the HAP Contract while simultaneously receiving monthly rental payments from the SNRHA under the HAP Contract.

74. TMIF violated the FCA each time it received payments from SNRHA while knowingly breaching the HAP Contract.

75. AMC and Richardson facilitated the illegal side payments to TMIF by demanding and accepting payments from Plaintiff.

76. Both Del Sol and TMIF, combined, received at least 57 rental subsidy payments from the SNRHA on behalf of the Plaintiff from July 2015 to July 2020 while Plaintiff was paying illegal side payment CAM fees, each constituting a separate false claim or misrepresentation against the United States.

77. Under federal law and the Administrative Plan for the SNRHA Housing Choice Voucher Program, the SNRHA would have terminated the HAP Contract and ceased payments to Del Sol and TMIF upon learning about the side payments.

78. The United States Government suffered damages as a result of violations of the FCA because the housing assistance money from HUD paid by SNRHA to Del Sol and TMIF would not have occurred but for Del Sol and TMIF's false claims and misrepresentations. The United States Government sustained damages equal to all payments made to the Del Sol and TMIF pursuant to the Plaintiff's Section 8 assistance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the United States of America respectfully request the following relief:

A. Find that Defendants violated the False Claims Act and are liable to the United States.

B. Assess a civil penalty against the Defendants for each of at least 57 separate violations of the False Claims Act in the amount of not less than $5,500 - $11,000 per violation from June 2015 – October 2015 and not more than $13,508 - $27,018 per violation from November 2015 – July 2020.

C. Award the United States three times the amount of damages that it sustained as a result of Portola's acts.

D. Award the Plaintiff the *qui tam* share of the proceeds or settlement pursuant to 31 U.S.C. § 3730(d).

E. Award the Plaintiff any court costs and reasonable attorney's fees.

F. Grant whatever other relief is just and proper.

DATED this 8th day of December, 2023.

Respectfully Submitted,

_____
PETER C. WETHERALL, ESQ.
Nevada State Bar No. 4414
ELIZABETH S. CARMONA, ESQ.
Nevada State Bar No. 14687
KRISTOPHER S. PRE, ESQ.
Nevada State Bar No. 14106
**NEVADA LEGAL SERVICES, INC.**
701 E. Bridger Avenue, Suite 400
Las Vegas, Nevada 89101
Telephone: (702) 386-0404, ext. 128
pwetherall@nevadalegalservices.org
ecarmona@nevadalegalservices.org
kpre@nevadalegalservices.org
*Attorneys for Peggy Thornton*