KRISTOPHER S. PRE, ESQ.
Nevada State Bar No. 14106
ELIZABETH S. CARMONA, ESQ.
Nevada State Bar No. 14687
**NEVADA LEGAL SERVICES, INC.**
701 E. Bridger Avenue, Suite 400
Las Vegas, Nevada 89101
Telephone: (702) 386-0404, ext. 128
kpre@nevadalegalservices.org
ecarmona@nevadalegalservices.org
*Attorneys for Peggy Thornton*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PEGGY THORNTON, Relator, <br><br>and<br><br>PEGGY THORNTON,<br><br>    Plaintiff,<br><br>v.<br><br>PORTOLA DEL SOL OPERATOR, LLC, a foreign limited-liability company; TMIF II PORTOLA, LLC, a foreign limited-liability company; APARTMENT MANAGEMENT CONSULTANTS, LLC, a foreign limited liability company, and RENE RICHARDSON, as AGENT of PORTOLA DEL SOL OPERATOR, LLC.<br><br>    Defendants. | No.: 2:21-CV-01123<br><br><br><br><br><br><br><br><br><br>**JOINT MOTION TO APPROVE SETTLEMENT AND DISTRIBUTION OF SETTLEMENT FUNDS** |

Plaintiff, Peggy Thornton, ("Plaintiff"), by and through her counsel of record, and Defendants Apartment Management Consultants, LLC, and Rene Richardson (together "AMC"), by and through their counsel of record, move this Court for an Order approving settlement and distribution of settlement funds. Because the real party in interest, the United States, has declined

1

to convey a position on the below-described settlement offer and seventy percent of the settlement funds is due to the United States, the participating parties cannot proceed without an Order from this Court.

Federal law allows the Plaintiff to claim thirty percent "of the proceeds or settlement" of a claim brought under the False Claims Act ("FCA") if "the government does not proceed." 31 U.S.C. § 3730(d)(2). In this case, the United States chose not to proceed, although it remains the real party in interest. 31 U.S.C. § 3730(c)(2); *United States ex rel. Killingsworth v. Northrup Corp.*, 25 F.3d 715, 720 (9th Cir. 1994). The Court's role, if the United States requests, is reviewing whether the settlement is "fair and reasonable." *Id*. at 724. Specifically, the Court determines the award allocation between the Plaintiff and the United States, based on the statutory range of twenty-five to thirty percent of the settlement funds in cases (such as this) where the United States does not intervene. *Id*. (quoting 31 U.S.C § 3730 (d)(2)). Such settlement motions also give the United States the opportunity to object if it believes settlement funds are improperly allocated between FCA and non-FCA claims (for which it does not receive a distribution). *Id*. at 720 ("[T]he government has a right, with or without formal intervention, to ask the court to review a settlement for the purpose of determining whether the provisions of the settlement violate the False Claims Act by improperly allocating to the relator funds which should be paid to the government.").

Plaintiff and AMC do not anticipate an objection from the United States to the settlement terms. A thirty percent allocation to Plaintiff is appropriate under 31 U.S.C § 3730(d)(2) because Plaintiff, through her Nevada Legal Services attorneys, investigated this matter, waited approximately 18 months to allow the United States to review this matter before it determined not to intervene, filed the Complaint, defended against three Motions to Dismiss, amended the

Complaint twice without assistance from the United States, and reached the negotiated settlement detailed below with AMC in good faith. And because this action consists of a sole FCA claim, there is no concern that settlement funds are allocated to other causes of action.

The proposed settlement requires AMC to pay $20,000.00, which will be deposited into the client trust account of Nevada Legal Services. After $6,000.00 is paid to the Plaintiff, the remaining $14,000.00 will be remitted to the United States by Nevada Legal Services.

Plaintiff's Counsel has contacted the Department of Justice several times regarding the proposed settlement offer and is still seeking formal approval as of today's date. *See* Declaration of Elizabeth S. Carmona, Esq. (**Exhibit 1**), and of Kristopher S. Pre. Esq. (**Exhibit 2**). Because the parties require certainty as to the settlement terms, and permission to accept the settlement funds, approval from this Court is needed. If the United States seeks review, this Motion provides it with that opportunity.

WHEREFORE, Plaintiff and AMC pray for an entry of Order approving the settlement and distribution of settlement funds identified above.

| 01/08/2025 | /s/ Kristopher S. Pre |
|---|---|
| Date | Kristopher S. Pre, Esq. |
| | Nevada State Bar No. 14106 |
| | Elizabeth S. Carmona, Esq. |
| | Nevada State Bar No. 14687 |
| | **NEVADA LEGAL SERVICES, INC.** |
| | 701 E. Bridger Avenue, Suite 400 |
| | Las Vegas, Nevada 89101 |
| | Telephone: (702) 386-0404, ext. 128 |
| | kpre@nevadalegalservices.org |
| | ecarmona@nevadalegalservices.org |
| | *Attorneys for Peggy Thornton* |

| | |
|---|---|
| 01/08/2025_____ | /s/ Gil Kahn_____ |
| Date | Amy F. Sorenson, Esq. |
| | Nevada State Bar No. 12495 |
| | **SNELL & WILMER L.L.P.** |
| | 1700 South Pavilion Center Drive, Suite 700 |
| | Las Vegas, Nevada 89135 |
| | Telephone: (801) 257-1900 |
| | asorenson@swlaw.com |
| | |
| | Kelly H. Dove, Esq. |
| | Nevada Bar No. 10569 |
| | Gil Kahn, Esq. |
| | Nevada Bar No. 14220 |
| | **SNELL & WILMER L.L.P.** |
| | 1700 South Pavilion Center Drive, Suite 700 |
| | Las Vegas, Nevada 89135 |
| | Telephone: (702) 784-5200 |
| | kdove@swlaw.com |
| | gkahn@swlaw.com |
| | *Attorneys for Defendants Apartment Management Consultants, LLC, and Rene Richardson* |

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 8th day of January, 2025, I served the foregoing Joint Motion to Approve Settlement and Distribution of Funds via the Court's electronic filing and service system to all parties on the current service list.

/s/ Kristopher S. Pre_____
An Employee of Nevada Legal Services, Inc.

# EXHIBIT 1

# EXHIBIT 2